# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY ESCARENO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STU SHERMAN,<br><br>　　　　Defendant. | Case No.: 1:19-cv-00881-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 1.)<br><br>**FOURTEEN-DAY (14) DEADLINE** |

Plaintiff Robert Anthony Escareno ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

1

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

### A. Plaintiff's Section 1983 Action

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred.  Plaintiff names Warden Stu Sherman as the sole defendant.

Plaintiff asserts a single claim for cruel and unusual punishment in violation of the Eighth Amendment and alleges as follows:  CSATF has a serious and longstanding problem in its Facility A Dining Hall.  Water continuously leaks from the ceiling during rain, causing saturated ceiling tiles to disintegrate and mold to form along the walls and ceiling area.  Plaintiff asserts that there is no dispute about this fact and references an attached order regarding a Petition for Writ of Habeas Corpus from Kings County Superior Court Judge Donna Tarter dated June 4, 2019.

Plaintiff further alleges that mold in particular has been a longstanding problem in the Facility A Dining Hall.  In February 2017, the California Department of Public Health conducted an environmental health survey at CSATF.  The report found, among other things, that the Facility A Dining Hall had "[s]ignificant deterioration of ceiling tiles," as well as evidence of water intrusion.  The Facility A Dining Hall had "evidence of mold-like-substances."  (ECF No. 1 at 3.)  In July 2017, the Office of Appeals Examiners investigating staff also observed mold in the "B" section of the Facility A Dining Hall.

Plaintiff also alleges that beginning in February 2018, Plaintiff began to experience coughing, red, itchy, watery eyes, a stuff nose and sore throat. Those conditions flared-up when Plaintiff entered the dining hall to consume his meals twice a day. Plaintiff was seen by Nurse Practitioner ("NP") Ernest Ziegler on April 9, 2018. Plaintiff described to NP Ziegler how every time he enters the dining hall, he experiences the same symptoms. NP Ziegler prescribed Plaintiff nasal spray and eye drops and told Plaintiff that he would have a follow-up appointment with a doctor for "mold spore management." (Id. at 4.)

On February 11, 2019, Plaintiff's primary treating physician, Dr. Ryan Kim, testified at an evidentiary hearing before Superior Court Judge Donna Tarter that "daily exposure to the inside of a building with extensive leaks from water contaminated with mold & bird feces poses a risk of illness." (Id.) Dr. Kim further testified that exposure to mold would aggravate seasonal allergy symptoms, which Plaintiff has had since 2015. Since Plaintiff started experiencing mold spore allergy symptoms and seasonal allergy symptoms while in the dining hall, Plaintiff, approximately 30 different times, had to forego his evening meals because he did not want to deal with worsening symptoms during the night when he was sleeping.

Plaintiff asserts that as a result of Defendant Sherman forcing him to consume his meals in an environment with massive water intrusion, which caused and created the moldy condition, Plaintiff contracted a mold spore allergy and his seasonal allergies were aggravated by the moldy conditions in the dining hall. Additionally, on 30 different occasions, Plaintiff had to go to bed hungry because of the adverse reaction he would experience in the dining hall during the evening meal.

### B. Plaintiff's State Court Action

According to Plaintiff's complaint and incorporated exhibit, Plaintiff filed a petition for writ of habeas corpus in Kings County Superior Court on October 2, 2017, which is identified as In re Application of Robert Escareno, Petitioner, for Writ of Habeas Corpus, Case No. 17W0140A. (ECF No. 1 at 5.) In that petition, Plaintiff claimed "that the Facility A Dining Hall at [CSATF] suffers from a damaged and leaky roof which causes water contaminated with bird feces and bat guano to fall into the dining hall where he consumes his breakfast and dinner.

Plaintiff also claimed that as a result of the leaks, mildew and toxic mold has formed on the ceiling and walls of the dining hall. Plaintiff asserted that "the hazardous and unsanitary conditions in the Facility A Dining Hall [were] violative of the cruel and unusual punishment clause of the Eighth Amendment." (Id. at 6.)

Following an evidentiary hearing, the Kings County Superior Court determined that responsive janitorial efforts were insufficient to abate the substantial risk of harm to inmate health and safety posed by the intrusion of water contaminated with fecal matter, the presence of moldy and saturated ceiling tiles, and the entry of mice and maggots through areas of ceiling unprotected by tiles. (Id. at 11.) On June 4, 2019, the Superior Court granted Plaintiff's writ of habeas corpus and ordered that the California Department of Corrections and Rehabilitation "cease use of the Facility A Dining Hall within two weeks of the date of [the] order." (Id. at 14.) The order was to remain in effect until the Facility A Dining Hall was repaired. (Id.)

### III.     Discussion

Having considered Plaintiff's prior state court habeas petition, the Court finds that Plaintiff's current section 1983 claim is precluded. The doctrine of *res judicata*, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state. See 28 U.S.C. § 1738; Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. § 1738 generally requires federal courts to give state court judgments the same res judicata effect that they would be given by another court of that state."). The Ninth Circuit has made it clear that a section 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. See Gonzales v. California Dep't. of Corr., 739 F.3d 1226, 1231 (9th Cir. 2014) (holding that "reasoned denials of California habeas petitions" have claim-preclusive effect on subsequent civil litigation); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) ("we hold that because of the nature of a state

habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards."). California's claim preclusion law therefore governs whether Plaintiff's section 1983 claim may be brought in federal court. Furnace v. Giurbino, 838 F.3d 1019, 1023 (9th Cir. 2016); see also Anderson v. Mendoza, No. 2:17-cv-1244-KJM-DB P, 2018 WL 6528429, at *3 (E.D. Cal. Dec. 12, 2018), appeal dismissed, No. 19-15428, 2019 WL 4271992 (9th Cir. July 9, 2019) ("California claim preclusion law governs whether, in light of his earlier state habeas petition, plaintiff's § 1983 claims may be brought in federal court.").

In Furnace, the Ninth Circuit held that a petition for writ of habeas corpus filed in California state court can have a claim preclusive effect on a subsequent section 1983 action if the second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in the first suit. 838 F.3d at 1023.

California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003)). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. Id. (citing Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)).

"California's claim preclusion law ... prevents relitigation 'between the same parti*es* or parties in privity with them.'" Furnace, 838 F.3d at 1028 (quoting DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015)). Privity is a legal conclusion which designates a person "so identified in interest with a party to former litigation that he represents precisely the same right" being adjudicated. In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (quoting Southwest

Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 94 (5th Cir. 1977) ); Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citation omitted).

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." Johnson v. City of Loma Linda, 24 Cal.4th 61, 77 (2000) (citation and internal quotation marks omitted).

Same Cause of Action

Here, Plaintiff's section 1983 claims and state habeas petition both sought to vindicate his Eighth Amendment right to be free from cruel and unusual punishments and both involved the allegedly unsanitary conditions of CSATF's Facility A Dining Hall, including mold and mold-like substances, and the effect of those conditions on Plaintiff's health. Indeed, Plaintiff's complaint in this action incorporates and quotes from the order granting his state habeas petition. Even though Plaintiff seeks different relief in this section 1983 action (monetary damages), he has pled the same theory of recovery under the Eighth Amendment and he is pursuing a claim based on the same injury (his health and safety) and the same wrong (the failure of prison officials to ensure his health and safety). Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir.2009) (Claims are precluded, as between a section 1983 action and a prior habeas case, when challenging the same actions by the same group of officials at the same time that resulted in the same harm.). Accordingly, the first prong of California's claim preclusion test is satisfied because Plaintiff's Eighth Amendment claim in his state habeas petition and his Eighth Amendment claim in this action are the same.

Identity or Privity of Parties

The respondent identified in the order granting Plaintiff's state habeas petition was CDCR. (ECF No. 1 at 5.) Here, Plaintiff brings suit against Stu Sherman, Warden of CSATF. Plaintiff does not specify whether he is proceeding against Warden Sherman in his official or individual capacity. To the extent that Plaintiff is suing Defendant Sherman in his official capacity, privity exists because Plaintiff is seeking relief from the same state agency involved in

his state habeas petition, i.e., CDCR. See Robinson v. Brown, No. 2:12-cv-1776 MCE DAD P, 2014 WL 1779460, at *7 (E.D. Cal. May 5, 2014); Torres v. Diaz, No. 1:14-cv-00492-DAD-SAB (PC), 2016 WL 4708489, at *2 (E.D. Cal. Sept. 8, 2016). To the extent Plaintiff is suing Defendant Sherman (or any other CSATF employee) in his individual capacity, the Court also finds that privity exists between CDCR and its employees. See Mousa v. Trump Admin., No. 1:19-cv-01349-LJO-SAB (PC), 2019 WL 4879207, at *3 (E.D. Cal. Oct. 3, 2019) (finding privity between CDCR and the warden at Sierra Conservation Camp); Ford v. King, No. 1:17-cv-00960-SKO (PC), 2017 WL 3537196, at *3 (E.D. Cal. Aug. 17, 2017) (finding privity between state hospital and state hospital director); Rocha v. California Dep't of Corr. & Rehab., No. 1:14-cv-00842-BAM, 2014 WL 6685010, at *8 (E.D. Cal. Nov. 25, 2014) (finding privity between CDCR and employee of CDCR, where employee named in individual capacity in subsequent action, but all claims were for conduct occurring while employee acted in his supervisory position for CDCR); Nelson v. Brown, No. 11-CV-2202-GPC WVG, 2014 WL 1096189, at *8 (S.D. Cal. Mar. 19, 2014) (finding privity between Warden named in habeas petition and CDCR employees named in subsequent federal action); see also Adams v. California Dep't of Health Services, 487 F.3d 684, 692 (9th Cir.2007) (new defendants were employees of previously named defendant and thus had a close relationship and interests were aligned), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008); but see Torres, 2016 WL 4708489, at *2 (finding that no privity existed where the parties in the two suits were not sued in the same capacity; plaintiff sued CDCR employee in his individual capacity, but state habeas petition only named Warden in her official capacity).

   Final Judgment on the Merits

   The Kings County Superior Court's order grating the petition was final and on the merits. See Taylor v. Grannis, No. C 07-6380 MHP (pr), 2010 WL 4392578, at *3 (N.D. Cal. Oct. 29, 2010) (finding County Superior Court's order granting state habeas petition was final and on the merits); see also In re Crow, 4 Cal.3d 613, 623, 94 Cal.Rptr. 254, 483 P.2d 1206 (Cal.1971) (order granting habeas petition is considered a final order for res judicata purposes).

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated, the Court finds that all three prongs of California's claim preclusion doctrine have been satisfied. As a result, Plaintiff's section 1983 action is barred.

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's action be dismissed with prejudice as barred by the doctrine of claim preclusion.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 17, 2019__   /s/ _Barbara A. McAuliffe_
UNITED STATES MAGISTRATE JUDGE