# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY ESCARENO,<br><br>Plaintiff,<br><br>v.<br><br>SHERMAN,<br><br>Defendant. | Case No. 1:19-cv-00881-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS BARRED BY CLAIM PRECLUSION<br><br>(ECF No. 9) |

Plaintiff Robert Anthony Escareno ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 17, 2019, the assigned Magistrate Judge issued findings and recommendations recommending dismissal of this action, with prejudice, as barred by the doctrine of claim preclusion. (ECF No. 9.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 8.) Following an extension of time, Plaintiff timely filed objections on November 15, 2019. (ECF No. 12.)

In the findings and recommendations, the Magistrate Judge determined that all three prongs of California's claim preclusion doctrine were satisfied, and as a result, Plaintiff's section

1

1983 action is barred by a prior state habeas petition. Plaintiff's objection that his action should not be barred because he seeks a different form of relief—monetary damages—is unpersuasive. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing Eichman v. Fotomat Corp., 197 Cal. Rptr. 612, 614 (Cal. Ct. App. 1983)).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on October 17, 2019, (ECF No. 9), are adopted in full;
2. This action is dismissed, with prejudice, as barred by the doctrine of claim preclusion; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 18, 2019**         /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE